

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 6, 1971

Honorable David Wade, M. D.
Commissioner
Texas Department of Mental
    Health and Mental Re-
    tardation
P. O. Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. M-923

Re:   Construction of Article
      6252-9a, Vernon's Civil
      Statutes.

Dear Dr. Wade:

Your request for an opinion on the above subject matter reads in part as follows:

> "Employees of this Department occasionally receive offers to serve in other nonelective offices or positions of honor, trust or profit under this state. In this situation Section 2 of Article 6252-9a, sets out the procedure to be followed to obtain a finding that the requirements of Section 1 of this Act have been fulfilled.

> "However, when the sequence of employment is reversed, i. e., an individual not employed directly by the state but rather is employed for example by a city or county in a nonelective position seeks or is offered employment with this Department, a question arises as to what procedure should be followed in order to determine whether this individual may accept the position with the Department and come within the authorization of Section 1 of Article 6252-9a, Vernon's Annotated Civil Statutes.

> "Wherefore, your opinion and advice with respect to the following question is respectfully requested.

-4504-

"Before an individual who holds a nonelective office or position of honor, trust or profit under this state although not employed directly by the state may accept an offer of employment with this Department, what procedure is to be followed in order to determine whether such proposed dual employment would come within the authorization of Section 1 of Article 6252-9a, Vernon's Annotated Civil Statutes?"

Article 6252-9a, Vernon's Civil Statutes, provides:

"Sec. 1. A nonelective state officer or employee may hold other nonelective offices or positions of honor, trust, or profit under this state or the United States, if his holding the other offices or positions is of benefit to the State of Texas or is required by state or federal law, and if there is no conflict between his holding the office or position and his holding the original office or position for which the officer or employee receives salary or compensation.

"Sec. 2. Before a nonelective state officer or employee may accept an offer to serve in other nonelective offices or positions of honor, trust, or profit, the officer or employee must obtain from the governing body, or if there is no governing body, the executive head of the agency, division, department, or institution with which he is associated or employed, a finding that the requirements of Section 1 of this Act have been fulfilled. The governing body or executive head shall make an official record of the finding and of the compensation to be received by the nonelective officer or employee from such additional nonelective office or position of honor, trust, or profit including specifically salary, bonus, per diem or other type of compensation.

"Sec. 3. The governing body or executive head shall promulgate rules and regulations necessary to carry out the purposes of this Act."

     The above statute implements Section 33 of Article 16, Constitu-
tion of Texas, which prohibits certain dual office holding.  However, the
Constitution expressly makes exception  for the Legislature to prescribe
restrictions and limitations under which non-elective state officers and
employees may hold other non-elective offices or positions of honor, trust,
or profit under this State or the United States, and provided the other of-
fices or positions are of benefit to the State of Texas or are required by
State or federal law, and there is no conflict with the original office or
position for which he receives salary or compensation.  This Section of the
Constitution provides those absolute requirements but does not make pro-
vision as to whether the present or prospective employer is to make such
findings.  No procedure by the prospective employer covering the second
employment is therein set out.

     We must read the Constitution and statute together to determine the
requirements, and we have concluded that while no statutory procedure is ex-
pressly provided for the governing body or executive head to make an official
record of the compensation and finding that the above statutory and constitu-
tional requirements have been fulfilled, compliance with such requirements
is equally binding on the prosepctive employer.  Consequently, in offering
the employment, it is incumbent on the prospective employer to have satis-
fied himself that the holding of the second office or position by the employee
is of benefit to the State of Texas or is required by state or federal law, and
there is no conflict of duties or interest involved in the holding of the two of-
fices or positions.  In addition, the governing body or executive head with
which the employee is already associated must make a finding that the re-
quirements of Section 1 of Article 6252-9a have been fulfilled and make an
official record of the finding and of the compensation to be received by the
non-elective officer or employee from the second position, as provided in
Section 2 of that statute.  There is nothing in the law which requires that the
finding of one department or agency or political subdivision is necessarily
binding on another independent agency, department or subdivision.

## SUMMARY

     When an agent, non-elective state officer, or ap-
pointee who is employed by the state or one of its political
subdivisions seeks another employment with the state, it is
necessary that the governing body or executive head of the

agency or department make the findings and records required by Sections 1 and 2 of Article 6252-9a, V.C.S.; also, it is necessary that the prospective employer offering the second non-elective office or employment be satisfied that the constitutional and statutory requirements for the holding of the second office or position have been fulfilled; that is, that it is of benefit to the State of Texas or is required by state or federal law, and there is no conflict of duties or interests involved in the holding of the two offices or positions.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Jerry Roberts
Sally Phillips
James McCoy
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant